**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Case Number: _______________**

Michael A. Roberts,

Plaintiff,

vs.

General Motors Financial Company, Inc. f/k/a AmeriCredit,

Defendant.

## COMPLAINT

For this Complaint, Plaintiff, Michael A. Roberts, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 15 U.S.C. § 1692, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Michael A. Roberts ("Plaintiff"), is an adult individual residing in Miami, Florida, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant, General Motors Financial Company, Inc. f/k/a AmeriCredit ("General"), is a Texas business entity with an address of 801 Cherry Street, Suite 3500, Fort Worth, Texas 76102, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

5. In 2016, General began calling Plaintiff's cellular telephone, number 786-xxx-4000, using an automatic telephone dialing system ("ATDS" or "predictive dialer").

6. Upon answering General's calls, Plaintiff heard silence followed by clicking noises prior to a live representative coming on the line.

7. On or about October 10, 2016, Plaintiff waited for a live agent and demanded General cease calling him.

8. Nevertheless, the ATDS calls to Plaintiff continued.

9. General's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

## COUNT I
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227, et seq.

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Defendant called Plaintiff on her cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

13. Defendant telephone systems have some earmarks of a Predictive Dialer.

14. Often times when Plaintiff answered the phone, he heard silence followed by clicking before Defendant's telephone system would connect him to the next available representative.

15. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

20. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);
2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and
3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 8, 2017

Respectfully submitted,

*/s/ Stan Michael Maslona*
Stan Michael Maslona, Esq.
Florida Bar No. 86128
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
smaslona@lemberglaw.com